IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

vs.                              CASE NO. **4:06CR319(2) GH**

RODNEY L. BRYANT                                                         Bryant

## ORDER

On February 23, 2007, the Court held a hearing on defendant Bryant's ("Bryant") motion to suppress a statement. Bryant contends that the government agents failed to advise Bryant of his *Miranda* rights. *See Miranda v. Arizona*, 384 U.S. 436 (1966). Two Secret Service Agents, Stephen Ashford and Charles Briscoe, as well as Bryant testified at the hearing.

The United States Secret Service was investigating a conspiracy to counterfeit business checks. During the course of the conspiracy, the agents questioned Antonio Adams, a co-defendant. Adams apparently implicated Bryant. On July 19, 2005, Adams placed a three way call and told Bryant that the agents wanted to talk to him. Ashford also spoke to Bryant during that telephone call and told him that the agents wanted to talk to him about the investigation. Bryant volunteered to come to the Secret Service office after he finished work. He came in about 4:30 on July 19th.

Ashford, an agent with three years' experience with the Secret Service, stated that when Bryant first came in, Ashford told Bryant that he was free to leave at any time, that he was not arrested or in custody and that the agents wanted to know whether he had any information to give regarding the investigation. Bryant was considered a potential suspect. Ashford stated that the agents and Bryant first discussed the matter and then Bryant agreed to provide a written statement. Bryant was never handcuffed. The interview

-1-

lasted at the most an hour and a half. The atmosphere was casual. No threats were made to Bryant. He was told that he even if he admitted his involvement in the counterfeit checks he was not going to be arrested. Bryant did not ask to leave. At the end of the interview, the agents asked Bryant to write out a statement as to what had been discussed. Charles Briscoe, another Secret Service agent with five years experience, also testified, corroborating Ashford's testimony.

Bryant also testified at the hearing. He does not dispute most of the agents' testimony. He agreed that he was told by the agents that he could go home a number of times during the interview. He did not ask to leave or make any attempt to leave. He was offered a soft drink. He stated that he was made to feel very comfortable throughout the interview up until the time where he was asked to write a statement and he did not know exactly what the agents wanted him to write. He wrote the statement with the help of the agents, although he stated that the agents did not coerce him into writing anything in particular. He stated that Ashford told him that if he cooperated he would probably not be indicted but if he did not cooperate he probably would be indicted. Bryant contended that he wrote the statement because he believed he would be indicted if he did not. .

*Miranda* warnings are required only when a person is in "custody." *United States v. LeBrun*, 363 F. 3d 715, 720 (8th Cir. 2004). In determining whether a person is "in custody," the Court must look at the totality of the circumstances to determine whether a reasonable person in Bryant's position would "have considered felt at liberty to end the interrogation and leave." *United States v. Brave Heart*, 397 F. 3d 1035, 1038-39 (8th Cir. 2005)

Supreme Court and Eighth Circuit precedent dictate a finding that Bryant was not in custody for purposes of *Miranda* warnings. Numerous cases have found that the defendant was not in custody in similar situations. *See e.g., United States v. Brave Heart*, 397 F. 3d 1035 (8th Cir. 2005) (defendant not in custody despite agent's accusatory

questioning where agent expressly advised defendant that his participation was voluntary, defendant was not physically restrained and that the agents treated defendant calmly and respectfully); *United States v.* Martin, 369 F. 3d 1046 (8th Cir. 2004) (defendant not in custody where informed multiple times that interview was voluntary, that he voluntarily acquiesced to the interview, that no strong arm tactics were used, no weapons brandished or threats made); *United States v. Le LeBrun*, 363 F. 3d 715 (8th Cir. 2004) (defendant not in custody even though interview took place in police station and officers used deceptive interview tactics and psychological pressure; defendant was never physically restrained, was not arrested after interview ).

Recently, the Eighth Circuit has had occasion to address the standard for determining whether a defendant is in custody. It has eschewed a ritualistic application of the various indicia of custody that it identified in *United States v. Griffin*, 922 F. 2d 1343, 1349-52 (8th Cir. 1990). [1] *See United States v. Czichray*, 378 F. 3d 822, 827 (8th Cir. 2004). The indicia of *Griffin* are not exhaustive "and should not be applied ritualistically, counting indicia which contribute to custody against those which detract. Such an approach ignores the strength of certain indicia, particularly 'the most obvious and effective means of demonstrating that a suspect has not been taken into custody'-an express advisement that the suspect is not under arrest and that his participation in any

---

[1] In *United States v. Griffin*, 922 F. 2d 1343, 1349 (8th Cir. 1990), the Eight Circuit identified six factors which "either mitigate or aggravate an atmosphere of custodial interrogation." These include: "(1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions; (4) whether strong arm tactics or deceptive stratagems were employed during questioning; (5) whether the atmosphere of the questioning was police dominated; or, (6) whether the suspect was placed under arrest at the termination of the questioning." The first three factors are mitigating factors, while the remaining factors are coercive factors.

questioning is voluntary." *United States v. Brave Heart*, 397 F. 3d at 1039 (citations omitted).

In this case, the greatest factor in determining that Bryant was not in custody is that he was told numerous times that he was free to leave. As the Eighth Circuit stated in *United States v. Czichray*, 378 F. 3d 822, 826 (8th Cir. 2004), "no governing precedent of the Supreme Court or this court . . . holds that a person was in custody after being clearly advised of his freedom to leave or terminate questioning."

Furthermore, that Bryant felt he had to make a statement to avoid being indicted does not weigh in favor of a finding that he was in custody. As the court stated in *Czichray*, "It is appropriate for an investigator to advise a suspect of the potential course and consequences of a criminal investigation. Suspects frequently confront difficult decisions about whether to defend against potential criminal charges or to pursue resolutions that may ameliorate certain unpleasant consequences. . . . . But the presentation of information that requires such a decision does not tend to restrain a person's freedom of movement such that he should be deemed in custody. " 378 F. 3d at 829. As the Eighth Circuit noted in *LeBrun*, "some degree of coercion is part and parcel of the interrogation process and that the coercive aspects of a police interview are largely irrelevant to the custody determination except where a reasonable person would perceive the coercion as restricting his or her freedom to depart." 363 F. 3d at 721.

Here, Bryant voluntarily agreed to be interviewed. He was told that he was not under arrest. He was told before the interview and during the interview that he was free to leave. The atmosphere was non-coercive. Bryant was not physically retrained and was free to move during the interview. Agents did not brandish any weapons and were not abusive to Bryant. He was not arrested at the end of the interview. *See United States v. Galceran,* 301 F. 3d 927, 931 (8th Cir. 2002) (lack of arrest "very important factor weighing against custody").

In sum, the Court finds that Bryant was not in custody during the time he was interviewed and he made his statement. Therefore, *Miranda* warnings were not required. Accordingly, the motion to suppress the statement is denied.

IT IS SO ORDERED this 22nd day of March, 2007

*/s/ George Howard, Jr.*
_____
UNITED STATES DISTRICT JUDGE